64 F.3d 677
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
FORT MOJAVE INDIAN TRIBE and Colorado River Indian Tribes,
Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5014.
 United States Court of Appeals, Federal Circuit.
 Aug. 18, 1995.
Rehearing Denied Oct. 24, 1995.
 
 Before RICH, NEWMAN, and MICHEL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 In these consolidated Indian claims cases, the Fort Mojave and Colorado River Indian Tribes ("the Tribes") appeal from the September 9, 1994 decision of the Court of Federal Claims, Fort Mojave Indian Tribe v. United States, 32 Fed.Cl. 29 (1994) ("Fort Mojave II "), finding that the Tribes failed to prove that the government breached its fiduciary duty to the Tribes in the course of litigating their rights to a portion of the water of the Colorado River. Because the trial court held the government to the proper standard of fiduciary duty and its finding that there was no breach of trust is not clearly erroneous, we affirm.
 
 DISCUSSION
 
 2
 The Tribes timely filed this action in March 1989, seeking damages from the government for its alleged breach of trust in representing the Tribes' interests in the litigation that led to the Supreme Court's 1963 decision in Arizona v. California, 373 U.S. 546 (1963) ("Arizona I "), the decision in which the Court allocated rights in the water of the Colorado River among various states and Indian tribes located within those states. Specifically, the Tribes contend that the government breached its fiduciary duty to the Tribes by failing to include certain parcels of reservation land as practicably irrigable acres in its claim before the special master in the Arizona I litigation.* While the government has long conceded that it was error to fail to include these parcels in the total number of practicably irrigable acres claimed, it insists that the error did not amount to a breach of its fiduciary duty to the Tribes.
 
 
 3
 After conducting a trial on the breach of trust claims in December 1993, the trial court found that the Tribes "have not established that defendant breached its trust obligations" and dismissed their claims. Fort Mojave II, 32 Fed.Cl. at 30. The Tribes appeal from this judgment, assigning error to the standard of fiduciary duty applied and clear error to the finding of no breach of trust with respect to the failure to claim riverside parcels of reservation land as practicably irrigable acres.
 
 
 4
 We review Court of Federal Claims judgments to determine whether they are premised on clearly erroneous findings of fact or otherwise tainted by legal error. Yancey v. United States, 915 F.2d 1534, 1537 (Fed.Cir.1990). A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).
 
 
 5
 At the summary judgment stage of this case, the trial court articulated the standard under which the Tribes' breach of trust claim would be evaluated:
 
 
 6
 Where a trust relationship exists, "[t]he trustee has a duty to protect the trust property against damage or destruction. He is obligated to the beneficiary to do all acts necessary for the preservation of the trust res which would be performed by a reasonably prudent man employing his own like property for purposes similar to those of the trust." G. Bogert, The Law of Trusts and Trustees Sec. 582 (2d ed. revised 1980); see also Restatement (Second) of Trusts, Sec. 176 (1959).
 
 
 7
 Fort Mojave Indian Tribe v. United States, 23 Cl.Ct. 417, 426 (1991) ("Fort Mojave I "). The trial court both reiterated this standard in its decision on the merits, Fort Mojave II, 32 Fed.Cl. at 33, and described its mode of application in this case, according to which
 
 
 8
 the court cannot conclude that defendant acted imprudently and breached its trust obligations to plaintiffs unless the available evidence indicates that the United States lacked any reasonable basis for failing to make a [practically irrigable acreage] claim for the omitted acreage.
 
 
 9
 Id. at 36. The Tribes contend on appeal that the trial court erred by evaluating the government's omissions of acreage under too lax a standard of fiduciary duty. We cannot agree.
 
 
 10
 We have recently described the government's responsibility to the tribes it serves as a trustee as a "high fiduciary duty," Short v. United States, 50 F.3d 994, 999 (Fed.Cir.1995), echoing the Supreme Court's insistence that the government's performance as trustee "be judged by the most exacting fiduciary standards," Seminole Nation v. United States, 316 U.S. 286, 297 (1942). The Supreme Court has also cautioned, however, "that a trustee is not an insurer of trust property." United States v. Mason, 412 U.S. 391, 398 (1973) (tribal breach of trust claim against the government). The trial court set forth the proper standard of fiduciary duty in both Fort Mojave I and II, and we discern nothing in the trial court's exhaustive opinion in Fort Mojave II** to suggest that it held the government to an impermissibly low standard of fiduciary duty. In essence, the trial court held that, even if it agreed in 1978 that it should have included the disputed parcels in the claim before the master in Arizona I, the government nevertheless had well-reasoned and proper grounds for not doing so at the time the claim was actually presented. In our view, this standard of fiduciary duty is consistent with the high duty discussed in the cited cases.
 
 
 11
 The Tribes' assignment of clear error to the trial court's finding of no breach of trust with respect to the failure to claim riverside parcels of reservation land is also unavailing. The testimony of Dr. Mesghinna, an agricultural engineer with experience determining practicably irrigable acreage and the government's expert witness, provides ample support in the record for the trial court's finding that the government acted within the bounds of its fiduciary duty in the 1950s when it decided to forego claiming the riverside parcels before the special master in the Arizona I litigation.
 
 
 12
 Having thus found no reversible error on appeal, we affirm the decision of the Court of Federal Claims.
 
 
 
 *
 Under the allocation formula adopted in that litigation, the greater the number of such practicably irrigable acres claimed, the greater the quantity of water to which the Tribes would be entitled
 
 
 **
 Because the trial court's opinion in Fort Mojave II sets forth and analyzes the relevant facts in such painstaking detail, we need not repeat them here